# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 11-707V
Filed: July 19, 2016

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BONYE WOLF BARONE, as Conservator of Person and Estate of JOAN NOVARRO, * * * | |
| Petitioner, * * | Special Master Corcoran |
| v. * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | Damages Decision; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS"). |
| Respondent. * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Rene Gentry*, George Washington University Law School Vaccine Injury Clinic, Washington, DC, for Petitioner.

*Lisa Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 25, 2011, Joan Novarro filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner[3] alleges that Joan Novarro developed Guillain-Barré syndrome ("GBS") as a result of her October 31, 2008, receipt of the influenza ("flu") vaccine. Moreover, Petitioner alleges that Ms. Novarro experienced

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] On February 18, 2014 (ECF No. 46), Petitioner moved to amend the caption to make Bonye Wolf Barone, Conservator of Person and Estate of Joan Novarro, the petitioner, and I granted the motion on April 17, 2014. ECF No. 49.

residual effects of this injury for more than six months.

After a motion for a ruling on the record, I issued an entitlement decision in Petitioner's favor. *See* Ruling on Entitlement, dated Nov. 12, 2014 (ECF No. 58). The parties subsequently attempted to calculate Ms. Novarro's damages award, but experienced difficulties reaching an agreement with regarding to one item: the necessity of daily attendant care for Ms. Novarro in the skilled nursing facility to which she will be transferred after a damages award is made in this case. A hearing was held to resolve this question on March 31, 2016, and then on May 12, 2016, I issued a ruling finding that Petitioner has established the propriety of some, but not all, of the hours of attendant care requested.

On July 14, 2016, Respondent filed a status report concerning damages that contained a proffer. I have reviewed the file, and based upon that review, I conclude that the parties' proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $661,082.54, representing compensation for life care expenses (including the attendant care awarded by my decision) expected to be incurred during the first year after judgment ($167,895.32), lost earnings ($38,570.26), pain and suffering ($250,000.00), and past unreimbursable expenses ($204,616.96), in the form of a check payable to Petitioner, as conservator of the estate of Joan Novarro for the benefit of Joan Novarro; and

- A lump sum payment of $65,123.15, representing compensation for satisfaction of the State of Connecticut Medicaid lien, payable jointly to petitioner, as conservator of the estate of Joan Novarro, and

>   Connecticut Department of Administrative Services
>   165 Capitol Avenue
>   Hartford, CT 06106-1658
>   Attn: Ms. Susan Kitchens
>   Case Name: NOVARRO, JOAN
>   Case Number: 3665299

These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

      I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

                                             /s/ Brian H. Corcoran
                                             Brian H. Corcoran
                                             Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| BONYE WOLF BARONE, as Conservator of Person and Estate of, JOAN NOVARRO, | ) ) ) **ECF** |
| Petitioner, | ) ) |
| v. | ) No. 11-707V ) Special Master ) Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) |

**RESPONDENT'S STATUS REPORT REGARDING DAMAGES**

Respondent hereby submits the following status report concerning damages.

**I.    Items of Compensation**

   A.    Life Care Items

Respondent engaged life care planner Laura Fox, MSN, RN, CNLCP and petitioner engaged Nancy J. Bond, M.Ed., CLCP, CCM to provide an estimation of Joan Novarro's future vaccine-injury-related needs.  A life care plan was previously filed in this case (Resp. Ex. D), and the agreed-upon life care items are illustrated by the chart entitled "Appendix A: Proffered Items of Compensation for Joan Novarro," attached to this Status Report as Tab A.[1]  Respondent proffers that Joan Novarro should be awarded all items of compensation illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

In addition, the Special Master's May 12, 2016, ruling awarding additional attendant care is illustrated by the chart entitled "Appendix B: Attendant Care Awarded by Special Master for Joan Novarro," attached to this Status Report as Tab B.[2]  Petitioner agrees.

B.     Lost Earnings

The parties agree that based upon the evidence of record, Joan Novarro has suffered a past loss of earnings.  Therefore, respondent proffers that Joan Novarro should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Joan Novarro's lost earnings is $38,570.26.  Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that Joan Novarro should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Joan Novarro's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $204,616.96.  Petitioner agrees.

E.     Medicaid Lien

Respondent proffers that Joan Novarro should be awarded funds to satisfy the State of Connecticut lien in the amount of $65,123.15, which represents full satisfaction of any right of

---

[2] The chart at Tab B illustrates the annual benefits consistent with the Special Master's May 12, 2016, decision on attendant care.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

subrogation, assignment, claim, lien, or cause of action the State of Connecticut may have against any individual as a result of any Medicaid payments the State of Connecticut has made to or on behalf of Joan Novarro from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about August 23, 2010, under Title XIX of the Social Security Act.  Petitioner agrees.

## II.     Form of the Award

The parties request that the compensation provided to petitioner be made through a combination of lump sum payments and future annuity payments as described below, and request the Special Master's decision and the Court's judgment award the following[3]:

A.     A lump sum payment of $661,082.54, representing compensation for life care expenses (including attendant care awarded by the Special Master) expected to be incurred during the first year after judgment ($167,895.32), lost earnings ($38,570.26), pain and suffering ($250,000.00), and past unreimbursable expenses ($204,616.96), in the form of a check payable to petitioner, as conservator of the estate of Joan Novarro for the benefit of Joan Novarro.

B. A lump sum payment of $65,123.15, representing compensation for satisfaction of the State of Connecticut Medicaid lien, payable jointly to petitioner, as conservator of the estate of Joan Novarro, and

> Connecticut Department of Administrative Services
> 165 Capitol Avenue
> Hartford, CT 06106-1658
> Attn: Ms. Susan Kitchens
> Case Name: NOVARRO, JOAN
> Case Number: 3665299

Petitioner agrees to endorse this payment to the State of Connecticut.

---

[3] Should Joan Novarro die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

3

C. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A and attendant care awarded by the Special Master as illustrated by the chart at Tab B, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, as the court-appointed conservator of the estate of Joan Novarro for the benefit of Joan Novarro, only so long as Joan Novarro is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to the court-appointed conservator of the estate of Joan Novarro in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A and in the chart at Tab B describe only the total yearly

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

sums to be paid to the court-appointed conservator of the estate of Joan Novarro and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A and Tab B that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

2. Life-contingent annuity

The court-appointed conservator of the estate of Joan Novarro will continue to receive the annuity payments from the Life Insurance Company only so long as Joan Novarro is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Joan Novarro's death.

3. Conservatorship

Petitioner has filed documentation establishing that she has been appointed by a court of competent jurisdiction as the conservator of the estate of Joan Novarro. See Pet. Ex. 52. If petitioner is not authorized by a court of competent jurisdiction to serve as the conservator of the estate of Joan Novarro at the time a particular payment is due, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as the conservator or the estate of Joan Novarro upon submission of written documentation of such appointment to the Secretary.

### III.   Summary of Payments Following Judgment

A.   Lump sum paid to petitioner, as the court-appointed conservator of the
      estate of Joan Novarro for the benefit of Joan Novarro:            **$661,082.54**

B.   Medicaid Lien:            **$ 65,123.15**

C.   An amount sufficient to purchase the annuity contract described
      above in section II. C.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

<u>s/Lisa A. Watts</u>
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-4099

Dated:  July 14, 2016

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017 | 2018 | 2019 | 2020 | 2021-Life |
| Medicare Part D | 5% | | | 1,042.20 | 1,042.20 | 1,042.20 | 1,042.20 | 1,042.20 | 1,042.20 |
| Primary Care | 5% | * | | | | | | | |
| Physical Medicine & Rehab | 5% | * | | | | | | | |
| Baclofen Pump Refills | 5% | * | | | | | | | |
| Transport Baclofen Pump Refill | 4% | | | 222.65 | 222.65 | 222.65 | 222.65 | 222.65 | 222.65 |
| Podiatry | 5% | * | | | | | | | |
| Skeletal X-rays | 5% | * | | | | | | | |
| Inpatient Care | 5% | * | | | | | | | |
| ER | 5% | * | | | | | | | |
| Neuropsych Testing | 0% | | | 2,300.00 | | | | | |
| Individual Counseling | 4% | * | | | | | | | |
| Case Mngt | 4% | | M | 2,940.00 | 1,470.00 | 1,470.00 | 1,470.00 | 1,470.00 | 1,470.00 |
| Escitalopream | 5% | * | | | | | | | |
| Restasis | 5% | * | | | | | | | |
| Thyroid | 5% | * | | | | | | | |
| Metoprolol | 5% | * | | | | | | | |
| Diazepam | 5% | * | | | | | | | |
| Trazadone | 5% | * | | | | | | | |
| Hydromorphone | 5% | * | | | | | | | |
| Acidophilus | 4% | | M | 53.22 | 53.22 | 53.22 | 53.22 | 53.22 | 53.22 |
| Senna | 4% | | M | 66.07 | 66.07 | 66.07 | 66.07 | 66.07 | 66.07 |
| Milk of Magnesia | 4% | | M | 12.49 | 12.49 | 12.49 | 12.49 | 12.49 | 12.49 |
| Bisacodyl | 4% | | M | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 | 17.97 |
| Fleets Enema | 4% | | M | 11.67 | 11.67 | 11.67 | 11.67 | 11.67 | 11.67 |
| Vit C | 4% | | M | 40.08 | 40.08 | 40.08 | 40.08 | 40.08 | 40.08 |
| Aceta-minaphen | 4% | | M | 0.84 | 0.84 | 0.84 | 0.84 | 0.84 | 0.84 |
| MAPAP | 5% | * | | | | | | | |
| Q-Tussin | 4% | | M | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 |
| Albuterol | 5% | * | | | | | | | |
| Diapers | 4% | | M | 1,764.17 | 1,764.17 | 1,764.17 | 1,764.17 | 1,764.17 | 1,764.17 |
| Disp Underpads | 4% | | M | 101.47 | 101.47 | 101.47 | 101.47 | 101.47 | 101.47 |
| Wipes | 4% | | M | 55.00 | 55.00 | 55.00 | 55.00 | 55.00 | 55.00 |
| Skin Barrier Cream | 4% | | M | 227.76 | 227.76 | 227.76 | 227.76 | 227.76 | 227.76 |

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2016 | Compensation Year 2 2017 | Compensation Year 3 2018 | Compensation Year 4 2019 | Compensation Year 5 2020 | Compensation Years 6-Life 2021-Life |
|---|---|---|---|---|---|---|---|---|---|
| Adult Bibs | 4% | | | 79.96 | 79.96 | 79.96 | 79.96 | 79.96 | 79.96 |
| Nebulizer Kit | 4% | * | | | | | | | |
| PT | 4% | * | | | | | | | |
| OT | 4% | * | | | | | | | |
| Seating Clinic | 4% | * | | | | | | | |
| Transport: Seating Clinic | 4% | | | 89.06 | 89.06 | 89.06 | 89.06 | 89.06 | 89.06 |
| Assistive Tech Eval | 4% | | | 528.00 | | | | | |
| Transport: Assistive Tech Eval | 4% | | | 92.02 | | | | | |
| Manual WC | 4% | * | | | | | | | |
| WC Cushion | 4% | * | | | | | | | |
| Geri Chair | 4% | | | 599.99 | | | | | |
| Hand Splints | 4% | | | 35.00 | 17.50 | 17.50 | 17.50 | 17.50 | 17.50 |
| Positioninig Pillows/ Wedges | 4% | | | 37.50 | 37.50 | 37.50 | 37.50 | 37.50 | 37.50 |
| Reclining Shower Chair | 4% | | | 895.00 | | | | | |
| Mattress Overlay/ Air Mattress | 4% | * | | | | | | | |
| Over Bed Table | 4% | | | 83.00 | 16.60 | 16.60 | 16.60 | 16.60 | 16.60 |
| Residential Care | 4% | | M | 147,445.40 | 147,445.40 | 147,445.40 | 147,445.40 | 147,445.40 | 147,445.40 |
| Lost Future Earnings | | | | 38,570.26 | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | |
| Past Unreimbursable Expenses | | | | 204,616.96 | | | | | |
| Medicaid Lien | | | | 65,123.15 | | | | | |
| Annual Totals | | | | 717,053.69 | 152,774.41 | 152,774.41 | 152,774.41 | 152,774.41 | 152,774.41 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, as conservator of the estate of Joan Novarro, for Yr 1 life care expenses ($158,743.32), lost earnings ($38,570.26), pain and suffering ($250,000.00), and past unreimbursable expenses ($204,616.96): $651,930.54.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner, as conservator of the estate of Joan Novarro, and the State of Connecticut, as reimbursement of the State's Medicaid lien: $65,123.15.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix B:  Attendant Care Awarded by Special Master for Joan Novarro**    Page 1 of 1

| ITEM OF COMPENSATION | G.R. | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-Life |
|---|---|---|---|---|---|---|---|---|
| | | | 2016 | 2017 | 2018 | 2019 | 2020 | 2021-Life |
| Attendant Care Awarded by Special Master | 4% | M | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, as conservator of the estate of Joan Novarro, for Yr 1 attendant care expenses: $9,152.00.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.